1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   OSCAR C. ESPARZA,                          Case No. 2:17-cv-03168-AB-MAA

12                      Petitioner,             **ORDER ACCEPTING FINDINGS**
                                                **AND RECOMMENDATIONS OF**
13          v.                                  **UNITED STATES MAGISTRATE**
                                                **JUDGE**
14   JOE A. LIZARRAGA, Warden,

15                      Respondent.

16

17          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other

18   records on file herein, the March 1, 2019 Report and Recommendation of the

19   United States Magistrate Judge ("First R&R," ECF No. 24), and the August 7, 2019

20   Report and Recommendation of United States Magistrate Judge re: Request for

21   Stay and Abeyance ("Second R&R," ECF No. 34).

22          The Court also has reviewed Petitioner's filings responsive to the R&Rs.  On

23   July 2, 2019, Petitioner constructively filed objections to the First R&R.  ("First

24   R&R Objections," ECF No. 33.)  On August 23, 2019, Petitioner constructively

25   filed objections to the Second R&R.  ("Second R&R Objections," ECF No. 36.)

26   On September 12, 2019, Petitioner constructively filed a motion to withdraw his

27   unexhausted resentencing claims.  ("Motion to Withdraw," ECF No. 37.)  On

28   October 15, 2019, the Court received and filed a freestanding declaration from

Petitioner stating that he is innocent of the crime for which he was convicted. ("Declaration," ECF No. 39.) Respondent did not respond to any of these filings.

As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the R&Rs to which Petitioner specifically has objected. The objections generally reiterate arguments made in Petitioner's substantive briefs (*see generally* ECF Nos. 1, 23, 28), and they lack merit for the reasons set forth in the R&Rs. Below, the Court addresses arguments Petitioner first asserts in the objections.

In the First R&R Objections, Petitioner objects that the matter was not ready for decision because he had a pending petition for a writ of habeas corpus in the California courts, and the Court had not yet rendered a decision on his motion for a stay and abeyance. (*See* First R&R Objections at 2-3.) As discussed in the Second R&R, the claims for which Petitioner sought a stay and abeyance were not, and never have been, pleaded in this action. (Second R&R at 4-5.) Accordingly, the matter was ready for decision as pleaded.

Petitioner objects without elaboration to the California Court of Appeal's factual summary, which the First R&R recounted. (*See* First R&R Objections at 3; *see also* First R&R at 3-7.) Petitioner offers no evidence, let alone clear and convincing evidence, demonstrating that the factual summary should not be entitled to a presumption of correctness. *See Hedlund v. Ryan*, 854 F.3d 557, 563 (9th Cir. 2017).

Petitioner objects to the Magistrate Judge's conclusion that he has not presented a cognizable basis for federal relief, claiming for the first time that "the defects in the integrity of the procedure" violate the Equal Protection Clause of the Fourteenth Amendment, that "[t]he entire trial lacked sufficient evidence to secure a conviction on the merits," and that he was deprived of the fair opportunity to present a defense at trial. (First R&R Objections at 3-5.) The Court declines to exercise its discretion to entertain these unsupported, unsubstantiated claims, which

Petitioner first raised in his First R&R Objections.  *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000); *see also, e.g.*, *Blunk v. Ryan*, 728 F. App'x 736, 737 (9th Cir. 2018) (declining to consider "brand-new stand-alone claim for relief that could have been raised long before the magistrate judge considered his habeas petition" but instead was raised "for the first time in his objections").  Even if these new federal-law theories properly were asserted in this action, because Petitioner has not presented them to the California Supreme Court (*see generally* LD 2; LD 13), they are unexhausted.  *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

In the Declaration, Petitioner states under penalty of perjury that he was not the person who shot the victim, that he did not own or possess a gun on the day of the shooting, and that he is innocent of murder.  (Declaration at 1.)  The Declaration is substantially similar to a declaration Petitioner submitted with the Petition (*see* Petition at 11), but unlike that earlier declaration, the new Declaration is submitted under penalty of perjury.  Regardless, the First R&R considered his earlier declaration in deciding the merits of the Petition and concluded that, "[e]ven if Petitioner swore to the facts, his self-serving declaration would not be sufficient." (First R&R at 24.)  "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state convictions."  *Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) (quoting *Cuppett v. Duckworth*, 8 F.3d 1132, 1139 (7th Cir. 1993)).  The reasoning in the First R&R applies to the Declaration in similar force.  (*See* First R&R at 23-26.)  The Court adopts the reasoning accordingly.

In the Second R&R Objections, Petitioner contends that the Court cannot assume that Petitioner seeks to add the claims he asserts in his state-court resentencing petition because the Court "cannot compare a Superior Court petition, presenting state laws to a state court, under state standards" to a "fully adjudicated, argued, and exhausted through the state appellate system, in which the federal constitutional issues were considered and ruled upon by the California []Supreme

3

Court." (*Second R&R Objections* at 3-4.) Petitioner contends the Court has used a "crystal ball" approach to divine the claims Petitioner seeks to present to the California Supreme Court and then to add to his federal action. (*See id.* at 3-5.) Yet Petitioner still has not presented to this Court the federal claims he seeks to adjudicate in in this district court. The Magistrate Judge reasonably assumed that Petitioner sought a stay and abeyance in order to bring in the district court the claims he asserted in his petition before the Superior Court. (*See* Second R&R at 5.) Petitioner has not provided any information in his objections suggesting that his federal claims are anything other than what the Magistrate Judge assumed they were. To the extent Petitioner maintains he has not yet formulated the claims he seeks to adjudicate in federal court, then a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), is not appropriate because the Court cannot determine whether Petitioner's unidentified claims are plainly meritless. *See Rhines*, 544 U.S. at 277 (observing that a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless"). Moreover, Petitioner is required to fairly present both the operative facts and precise legal theory upon which he seeks to proceed in federal court to the California Supreme Court. *See Gray*, 518 U.S. at 162-63; *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). To the extent Petitioner contends that the claims he would bring in federal court would contain different federal legal theories than those he presented in his state-court petitions, he admits that he has not exhausted and does not intend to exhaust his federal claims in the state courts.

Petitioner attempts to rehabilitate his Senate Bill 620 claim by casting it as an equal protection claim. (*See* Second R&R Objections at 5.) Again, the Court declines to exercise its discretion to address this claim, which Petitioner cursorily raised for the first time in the Second R&R Objections. *See Howell*, 231 F.3d at 622; *Blunk*, 728 F. App'x at 737.

///

4

1    Petitioner asks that this federal court "compel the state courts to expedite the

2    proceedings so that the federal court may proceed with it[]s adjudication." (Second

3    R&R Objections at 6; *accord id.* at 7.) This federal court lacks authority to do so.

4    *See Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court

5    lacks jurisdiction to issue a writ of mandamus to a state court.").

6    Finally, the Court notes that after the filing of the R&Rs and the First and

7    Second R&R Objections, Petitioner sought leave to withdraw his unexhausted

8    resentencing claims. (*See* Motion to Withdraw.) Because Petitioner no longer

9    seeks to bring these unexhausted claims in this federal action, he no longer needs a

10   stay of these proceedings in order to exhaust those claims. Accordingly, in addition

11   to the reasons for denying the stay request identified by the Magistrate Judge in the

12   Second R&R, the Court denies the request for stay and abeyance as moot.

13   In sum, the Court finds no defect of law, fact, or logic in the R&Rs. The

14   Court concurs with and accepts the findings, conclusions, and recommendations of

15   the United States Magistrate Judge, and overrules both sets of objections.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Accordingly, IT IS ORDERED:

1.    The Second R&R Objections (ECF No. 36) are overruled;

2.    The Second R&R (ECF No. 34) is accepted and adopted;

3.    Petitioner's request for stay and abeyance (ECF No. 28) is denied;

4.    The First R&R Objections (ECF No. 33) are overruled;

5.    The First R&R (ECF No. 24) is accepted and adopted;

6.    The Petition (ECF No. 1) is denied;

7.    Petitioner's requests for an evidentiary hearing (ECF No. 1, at 58; ECF No. 23, at 6) are denied; and

8.    Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: October 28, 2019

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE